John H. Faunce, Phila., Inc. *v*. United States (No. 4092) [1]

---

[1] T. D. 49245.

United States Court of Customs and Patent Appeals, October 25, 1937

*Lamb & Lerch* (*John G. Lerch* and *Thomas J. McKenna* of counsel) for appellant. *Joseph R. Jackson*, Assistant Attorney General (*Daniel I. Auster*, special attorney, of counsel), for the United States.

[Oral argument October 12, 1937, by Mr. Lerch and Mr. Auster]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, in reappraisement 105177–A, affirming the judgment of the trial court holding that an excise tax of 2 cents per 1,000 matches, imposed by section 612 of the Revenue Act of 1932 on matches imported and sold by the importer-appellant, was properly included by the appraiser in determining the United States value, as defined in section 402 (e) of the Tariff Act of 1930, of such matches.

The statutes in question read:

SEC. 402. * * * (e) UNITED STATES VALUE.—The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

SEC. 612. TAX ON MATCHES.

There is hereby imposed upon matches, sold by the manufacturer, producer, or importer, a tax of 2 cents per 1,000 matches, except that in the case of paper matches in books the tax shall be ½ of 1 cent per 1,000 matches.

The cause was submitted to the trial court on the following stipulation:

It Is Hereby Stipulated and Agreed by and between the Assistant Attorney General, counsel for the defendant, and Lamb & Lerch, counsel for the plaintiff, that the merchandise covered by this reappraisement proceeding was entered as follows:

251 Cartons Colored Stick Matches "Tartan."

| | | |
|---|---:|---:|
| 1,255 gross @ 82¢ per gross | | $1,029.10 |
| Less 2% (Cash discount on $1,029.10) | $20.58 | |
| Less 8% (Profit off $1,029.10) | 82.33 | |
| Less 8% (Expense off $1,029.10) | 82.33 | |
| Excise Tax 2¢ per M Matches | 144.58 | |
| Ocean Freight | 29.72 | |
| Marine Insurance | 3.45 | |
| Inland Freight | 5.88 | |
| Forwarding Charges | 2.62 | |
| Consular fee | 1.25 | |
| | 372.74 | 372.74 |
| Dutiable value including duty | | 656.36 |
| Dutiable value | | 468.82 |
| Duty @ 40% | | 187.53 |

It Is Further Stipulated and Agreed by and between the parties hereto that the appraisement of the above-mentioned merchandise was as follows:

251 Cartons Colored Stick Safety Matches "Tartan."

| | | |
|---|---:|---:|
| 1,255 Gross @ 82¢ per gross | | $1,029.10 |
| Less 2% cash discount | | 20.58 |
| Net selling price | | 1,008.52 |
| Less 8% (Profit off $1,008.52) | $80.68 | |
| Less 8% (Expense off $1,008.52) | 80.68 | |
| Ocean Freight | 29.72 | |
| Marine Insurance | 3.45 | |
| Inland Freight | 5.88 | |
| Forwarding Charges | 2.62 | |
| Consular Fee | 1.25 | |
| | 204.28 | 204.28 |
| Dutiable value including duty | | 804.24 |
| Dutiable value | | 574.46 |
| Duty @ 40% | | 229.78 |

It Is Further Stipulated and Agreed by and between the parties hereto that both the entry and the appraisement were based upon United States value as that term is defined in Section 402 (e) of the Tariff Act of 1930.

It Is Further Stipulated and Agreed by and between the parties hereto that the gross United States selling price of $1,029.10 included an item of $144.58 which represented an excise tax of 2¢ per M Matches.

It Is Further Stipulated and Agreed by and between the parties hereto that the allowance for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, profits and general expenses should be deducted from the net selling price, rather than from the gross selling price.

It Is Further Stipulated and Agreed between the parties hereto that the submission of this stipulation is made without prejudice to the rights of both of the parties accruing under the provisions of the Anti-Dumping Act and that any rights or privileges accruing to either or both parties under the provisions of T. D. 44716 are unaffected by this stipulation.

It Is Further Stipulated and Agreed by and between the parties hereto that the above-mentioned case may be submitted on this stipulation and that the plaintiff will be allowed ten days in which to file a brief and defendant ten days thereafter to reply.

It is contended by counsel for appellant that the inclusion of the excise tax in the dutiable value of the merchandise is double taxation, and that, unless it clearly appears that the Congress intended to impose such a burden upon importers, the tax should not be included in the dutiable value.

As an example of legislation imposing a tax upon a tax (it has no other purpose in this decision), counsel for appellant call attention to section 601 (a) and (b) (1) of the Revenue Act of 1932, where it is provided that, as to certain articles enumerated in subsection (c) of that section, a revenue tax shall be imposed upon the dutiable value of such articles, which value shall include customs duties if any.

Counsel for appellant argue that section 619 of the Revenue Act of 1932 indicates that, with the exception of the articles enumerated in subsection (c) of section 601, *supra*, the Congress did not intend to impose a tax upon a tax, and that, therefore, section 402 (e), *supra*, should be construed in conjunction with section 619, the pertinent part of which reads:

SEC. 619. SALE PRICE.

(a) In determining, *for the purposes of this title*, the price for which an article is sold, there shall be included any charge for coverings and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, *but there shall be excluded the amount of tax imposed by this title, whether or not stated as a separate charge.* [Italics ours.]

It is unnecessary for us, of course, to construe the provisions of section 619, *supra*, and we do not do so. It may be said, however, that they relate to the determination of the price at which an article is sold in the United States for the purpose of determining the amount of the excise tax to be imposed upon such article.

Section 612, *supra*, provides that a tax of 2 cents per 1,000 matches shall be imposed, and the value of the matches, or the price at which they are sold, apparently has nothing to do with the amount of the excise tax.

We find nothing whatsoever in the Revenue Act of 1932 that has any bearing upon the sole issue here in question, namely, whether the excise tax of 2 cents per 1,000 matches was properly included in determining the United States value of the involved matches. Accordingly, we must turn to the provisions of section 402 (e), *supra*, for a solution of the problem.

It will be observed that section 402 (e) provides that certain allowances or deductions shall be made from the price "at which such or similar imported merchandise is freely offered for sale, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade," such deductions to include customs duties, "cost of transportation and insurance, *and other necessary expenses from the place of shipment to the place of delivery.*" [Italics ours.]

Although counsel for appellant concede that the excise tax here in question cannot be considered as an item in the cost of "transportation and insurance," they contend that it should be considered as coming within the language "other necessary expenses from the place of shipment to the place of delivery," contained in the section here under consideration.

The tax imposed by section 612, *supra*, undoubtedly accrues when matches are sold by an importer.

Customs duties accrue at the time goods are imported into the United States.

It might be argued with some plausibility that as customs duties accrue at the time merchandise is imported into the United States, they are a necessary expense from the place of shipment in a foreign country to the place of delivery in the United States. However, the Congress did not so regard them, and, in section 402 (e), *supra*, specially provided that an allowance should be made for customs duties, as distinguished from "cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery."

If customs duties are not a necessary expense, within the purview of the language of the statute under consideration, it certainly is not reasonable to suppose that the Congress ever contemplated that internal-revenue taxes, which might not accrue for years after the delivery of imported merchandise, should be considered a necessary expense from the place of shipment of imported merchandise to the place of its delivery.

We are of opinion that the trial court and the appellate division of the United States Customs Court correctly held that there was no statutory authority for deducting the amount of the excise tax in determining the United States value, as defined in section 402 (e), *supra*.

In so holding, we are not unmindful of the rule that all presumptions are against the laying of a tax on a tax, and that, in order to warrant the imposition of such a tax, it must appear that such was the congressional intent.   *Tennessee* v. *Whitworth,* 117 U. S. 129, 137.

For the reasons stated, the judgment is *affirmed.*